## SWEET v. SEITZ.

(Supreme Court, Appellate Division, Second Department.  May 7, 1903.)

1. MORTGAGE — INVALIDITY—FORECLOSURE—ESTOPPEL—EQUITIES OF MORTGAGEE.

Defendant furnished certain saloon fixtures, taking a chattel mortgage for the same, and subsequently took back the fixtures and supplied new ones.  The purchaser was sick at the time, and, while he was too ill to act, his brother, who was operating the business, executed a chattel mortgage on the new fixtures, signing the purchaser's name.  In an action to restrain the foreclosure of the mortgage as against the donee of the purchaser's wife, defendant claimed that the mortgage was executed by the purchaser.  *Held* that, having elected to stand upon his rights under the alleged mortgage, he was not entitled, on appeal from a judgment against him, to claim any equities which might arise in his favor from the circumstances.

Appeal from Special Term, Kings County.

Action by John A. Sweet against Michael Seitz.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John A. Kamping, for appellant.
William O. Miles, for respondent.

WOODWARD, J.  The defendant, assuming to act under the provisions of a chattel mortgage purporting to have been made and executed by one Thomas Burke, took possession of certain chattels, the property of the plaintiff, and conducted or was about to conduct foreclosure proceedings and a sale to satisfy the alleged lien of said chattel mortgage.  This action was brought to declare invalid, fictitious, and void, and to cancel of record, this alleged chattel mortgage.  Upon the trial it was proved and admitted that the signature and acknowledgment of the said chattel mortgage were not made by Thomas Burke, and that a certain promissory note, which the mortgage was intended to secure, was not made and executed by the said Thomas Burke, or by his authority.  Under this state of facts, the learned court at Special Term granted the relief demanded in the complaint. The defendant appeals.

It may be gathered from the evidence that Thomas Burke was engaged in running a saloon, and that the defendant had furnished

him with certain equipments, taking a chattel mortgage for the same. Subsequently Thomas Burke moved out of the premises which he had been occupying, and the defendant took back the fixtures, and supplied some new ones, probably with an understanding that they should be subject to the same chattel .mortgage.    Burke was taken sick, and his wife and brother appear to have conducted the business; and just before Burke's death, and while he was too ill to act, the brother executed the note and chattel mortgage under which the defendant assumed to act.    The validity of this chattel mortgage was asserted and maintained by the defendant until the evidence conclusively established the contrary, when it was admitted that the same was not made or executed by the said Thomas Burke, or by his authority.    Burke died, and his widow married the plaintiff, who claims title to the property under a gift from his wife, who in turn claims under a gift from her former husband; and it is urged on appeal that there were equities which entitle the defendant to a reversal of the judgment.    We think the defendant, having assumed to stand upon his rights under the so-called chattel mortgage, is not in a position to complain when it is established that the so-called mortgage is absolutely void, because not having been made or executed by the person who is purported to have made the same.    The defendant did not ask for the aid of equity.    He assumed to stand upon his legal rights under a fraudulent instrument, and he cannot now be heard to urge equitable considerations.    The judgment appealed from should be affirmed.

Judgment affirmed, with costs.    All concur; HIRSCHBERG, J., in result.